# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ROBERT LEE POLK v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Lake County
### No. 13CR9862   R. Lee Moore, Jr., Judge

---

### No.  W2013-00929-CCA-R3-HC  - Filed December 10, 2013

---

The Petitioner, Robert Lee Polk, appeals the Circuit Court for Lake County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ROGER A. PAGE,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Robert Lee Polk, Louisville, Kentucky, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clark Bryan Thornton, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In December 2003, the Petitioner pleaded guilty to aggravated robbery and aggravated burglary.  He was sentenced to ten years for aggravated robbery and six years for aggravated burglary.  Pursuant to the plea agreement, the trial court ordered that the sentences run concurrently to each other and to the Petitioner's sentence for a conviction in Kentucky.

In March 2013, the Petitioner filed a petition for writ of habeas corpus in which he claimed that the State violated the terms of his plea agreement because he did not receive "good time" credits against his Tennessee sentence while serving his sentence in Kentucky.

On April 5, 2013, the trial court entered an order denying relief. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also Tenn. Code Ann. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State contends that the Petitioner's appeal is moot because his sentence expired on July 16, 2013, and he was released from custody that day. Habeas corpus relief is only available is the petitioner if "imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101(a). The term "imprisoned" means "actual physical confinement or detention." Hickman, 153 S.W.3d at 22. However, a petitioner is "restrained of liberty" if "the challenged

judgment itself imposes a restraint upon the petitioner's freedom of action or movement," even if "the petitioner is not physically confined or detained." Id. (citations omitted); see Benson v. State, 153 S.W.3d 27, 31 (Tenn. 2004). "The phrase 'restrained of liberty' has generally been interpreted to include any limitation placed upon a person's freedom of action, including such restraints as conditions of parole or probation, or an order requiring a person to remain in one city." Benson, 153 S.W.3d at 31 (citing Hickman, 153 S.W.3d at 22-23). Because the Petitioner's sentence had not expired when he filed his petition in the trial court, the State's argument regarding mootness is arguable. See Summers, 212 S.W.3d at 257-58.

Nevertheless, the Petitioner is not entitled to relief. The Petitioner contends that he was not awarded post-judgment jail credit. The Tennessee Department of Correction ("TDOC") has the authority and responsibility to determine sentence expiration dates and release eligibility dates of its prisoners regardless of where they are housed. Yates v. Parker, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012). The proper avenue to address post-judgment jail credit is through the TDOC administratively. Id. Claims for post-judgment jail credit are not cognizable habeas corpus claims. Id. at 156.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROGER A. PAGE, JUDGE